## WATERTOWN TABLE-SLIDE CO. v. PERFECTION TABLE-SLIDE MFG. CO.

Circuit Court of Appeals, Seventh Circuit.
December 3, 1927.

No. 3830.

Patents ⬤⟞328—1,099,787, for extension table, held invalid for lack of patentable advance.

Chapman patent, No. 1,099,787, for an extension table, *held* invalid for failure to show patentable advance over other patents.

Appeal from the District Court of the United States for the Western District of Wisconsin.

Patent infringement suit by the Watertown Table-Slide Company against the Perfection Table-Slide Manufacturing Company. Decree of dismissal, and plaintiff appeals. Affirmed.

Casanave Young, of Milwaukee, Wis., for appellant.

S. L. Wheeler, of Milwaukee, Wis., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. There is involved on this appeal United States patent to Chapman, No. 1,099,787, 1914, for an extension table. It has to·do with the slide rails whereby the extension is brought about, and whereby, when one section of the table top is moved, the other section will move in the opposite direction. The general plan for causing this movement is to attach, to the oppositely moving slide rails, rack bars meshing with an intervening pinion or gear wheel, so that the movement of one of the rack bars will revolve the wheel, and cause an opposite movement in the other rack bar with its attached rails.

The employment of gear wheels contacting with rack bars on the opposite slide rails, to produce opposite movement of the contacting bars, is a very old expedient. Its application to extension tables is likewise old. It appears in United States patent to Magnussan, No. 451,597, 1891, and in British patent to Pocock, No. 2,895, 1805.

It is contended that the special virtue of the patent in suit is found in the fact that the metal rack bars are attached their whole length to the slides, and some distance back from their edges, so that the gear or pinion wheel must be and is larger than the slide to which it is pinioned, and by extending over the lines of contact of the adjacent slides facilitates the meshing, and tends to further support the table when extended.

In this we see no patentable advance; but, if there is, it seems to us the Pocock mechanism shows it. As for the element of support afforded by a gear wheel of diameter larger than the width of rail to which it is pinioned, this must of necessity be present in some degree in every case where the rack bars and pinion wheel are on the under side of the slides. There cannot be just a meeting of the wheel and the rack bars, as in the case of the slides themselves. One or the other, or both, must overlap to enable them to mesh, and to the extent that there is overlapping there is quite inevitably somewhat of incidental support. There is no patentable advance in this.

In appellant's brief is set forth how manufacturers were not, in practice, equipped to select and properly cure suitable timber for their table slide rails to prevent warping and binding of the rails, and how appellant conceived the plan of producing table slides only, standardized in quality and construction, for use by table manufacturers, building up a very considerable trade therein. It is readily conceivable that experience and a high degree of skill are essential in the selection of proper materials, and in their curing and fabricating, to produce slide rails which will operate easily for the probable life of the table. It is common knowledge that such slide rails are connected and operated by means of a series of tongues and grooves, whereby they are united, and it is these, together with the quality of material and character of workmanship, that give the desired strength and mobility. The ease and accuracy of the movement of the rails is a proposition of mechanical skill in the selection and fabrication of the wood and the

joining of the rails, and has no necessary relation to means for actuating relative movement of the sections of the completed table.

We are of opinion that Chapman does not show patentable advance over Magnussan and Pocock, and that the bill was properly dismissed for want of equity.

The decree is affirmed.